IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| WENDY REEVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-3210-CV-S-DW |
| | ) | |
| BLUE CROSS BLUE SHIELD | ) | |
| OF MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Defendant's Motion to Dismiss (Doc. 4). Plaintiff has not filed a response to the pending motion. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court the motion is granted in part.

Plaintiff filed a single count petition in the Circuit Court of Greene County, Missouri claiming damages for failure to pay medical bills covered under a health insurance policy offered through her employer, Advanced Concrete Technology, Inc. In addition to a claim for breach of the policy, the Petition also seeks penalties for vexatious refusal to pay a claim under Mo. Rev. Stat. § 375.420. Defendant removed the action to this Court basing jurisdiction on ERISA. 29 U.S.C. §§ 1132 and 1144. Defendant filed the instant motion arguing that ERISA preempts Plaintiff's claim and therefore Plaintiff has failed to state a claim upon which relief may be granted.

Although pleaded as a single count, Plaintiff's Petition raises two distinct claims for relief: failure to pay benefits under an employee benefit plan, and 2) vexatious refusal to pay a claim under an insurance policy. It is well-settled law that Missouri's vexatious refusal to pay statute, Mo. Rev. Stat. § 375.420, is preempted by ERISA's civil enforcement provisions. See 29 U.S.C. § 1132; In

re Life Ins. Co. of N. Am., 857 F.2d 1190, 1194-95 (8th Cir. 1988) (ERISA preempts vexatious refusal claim). Accordingly, this aspect of Plaintiff's claim is dismissed with prejudice.

The remainder of the Petition seeks to enforce Blue Cross's alleged obligation to pay Plaintiff's medical bills under an employee benefit plan. Defendant has not explained to the Court how this fails to state a claim under ERISA. As such, the Court finds that Plaintiff's Petition adequately states an ERISA-based cause of action. See Vickery v. United Medical Resources, Inc., 43 F.3d 1208, 1209 (8th Cir. 1994).

Accordingly, Defendant's motion is GRANTED IN PART and DENIED IN PART. Plaintiff's claim for relief under Mo. Rev. Stat. § 375.420 is dismissed with prejudice. In all other respects, Defendant's motion is DENIED.

IT IS SO ORDERED.

Date: July 18, 2006 /s/ DEAN WHIPPLE
Dean Whipple
United States District Court